1  Marilynn Mika Spencer (149941)
2  A. Melissa Johnson (187455)
3  Thomas J. McCammon (201804)
   **SPENCER JOHNSON MCCAMMON LLP**
4  2727 Camino del Rio South, Suite 140
5  San Diego, California  92108
   (619) 233-1313  telephone
6
7  Attorneys for Plaintiffs and Proposed Class

8
9           **UNITED STATES DISTRICT COURT**
            **SOUTHERN DISTRICT OF CALIFORNIA**
10            **SAN DIEGO, CALIFORNIA**
11
12
13  Abucar Nunow ABIKAR,          Case No:  **'17CV1036 GPC AGS**
    Barkadle Sheikh Muhamed
14  AWMAGAN, Arab Mursal DEH,
    Majuma MADENDE, Osman
15  Musa MOHAMED, Osman Musa     **CLASS ACTION COMPLAINT FOR**
    MUGANGA, Rukia MUSA, and     **INJUNCTIVE AND DECLARATORY**
16  Fatuma SOMOW, on behalf of    **RELIEF, AND FOR DAMAGES, FOR**
    themselves and all others     **VIOLATIONS OF**
17  similarly situated,
18                               **(1) 42 U.S.C. §2000e,** *et seq.* **and**
                Plaintiffs,
19                               **(2) 42 U.S.C. §1981**
20       v.
21
22  Bristol Bay Native Corporation,  **JURY TRIAL DEMANDED**
23  Glacier Technical Solutions, LLC,
    and Workforce Resources, LLC,
24
25
26                Defendants.
27
28

                                   1
                                              CLASS ACTION COMPLAINT
                                              Case No. _____

## PRELIMINARY STATEMENT

1.    Individual and Representative Plaintiffs Abucar Nunow ABIKAR ("Abikar"), Barkadle Sheikh Muhamed AWMAGAN ("Awmagan"), Arab Mursal DEH ("Deh"), Majuma MADENDE ("Madende"), Osman Musa MOHAMED ("Mohamed"), Osman Musa MUGANGA ("Muganga"), Rukia MUSA ("Musa"), and Fatuma SOMOW ("Somow") (collectively "Representative Plaintiffs"), on behalf of themselves and all others similarly situation, allege as follows:

2.    This employment discrimination class action is brought on behalf of East African refugees who are current and former employees of defendants Bristol Bay Native Corporation ("Bristol Bay"), Glacier Technical Solutions, LLC ("GTS"), and Workforce Resources, LLC ("Workforce") (collectively "Defendants").

3.    The Defendants contract with the United States Department of Defense to help train United States Marines in African culture as well as in other cultures of interest to the military such as Iraqi, Afghani, Filipino, and Mexican.  To this end, the Defendants employ East African refugees as role-players to work in simulated villages as shopkeepers, village elders, insurgents, and other roles.  The simulations teach Marines how to operate safely and effectively in counter-insurgency operations they may face in

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

future combat or peace-keeping missions. This role-player employment is temporary, part-time, and sporadic, but has continued since at least 2010.

4. All of the East African refugees the Defendants employ as role-players are citizens or permanent residents of the United States. Most are Somali Bantu immigrants who were driven from their homeland of Somalia by civil war and terrorism that began 25 years ago and continues through to today. All the East African refugees are from extremely poor, rural communities. Only a handful of them speak or understand English. Of those who speak English, far fewer can read English. Within this group of refugees, members speak approximately ten different African or non-English languages and many different dialects. Most speak one language or dialect; a few speak more than one. Most of the role-players are illiterate even in their own native languages. Very few of the East African refugees had the opportunity to finish elementary or high school. Most or perhaps all of the East African refugees live far below the federal poverty line.

5. Although the East African refugees are a distinct and insular cultural group, they are exceptionally patriotic to the United States, proud of their citizenship and association with America, and grateful to the country for rescuing them from civil war and poverty, and for offering them a future. They are honored to work as role-players on behalf of the U.S. military.

CLASS ACTION COMPLAINT
Case No. _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPENCER JOHNSON MCCAMMON LLP

6.    The Defendants have a consistent and pervasive history that continues through the present of treating East African role-players less favorably than role-players who are not East African.    The East African employees complained to the Defendants for years about receiving disparate treatment and being subjected to discriminatory harassment.    They also complained that when they objected to this abuse, the Defendants often accelerated the mistreatment or threatened the East Africans with termination. Although the East African role-players repeatedly protested their poor treatment to management, the Defendants continued to treat East African role-players differently and adversely than similarly-situated role-players from Iraq, Afghanistan, the Philippines, or Mexico.

7.    Dozens of East African role-players simultaneously filed complaints of discrimination, harassment, and retaliation with the Equal Employment Opportunity Commission ("EEOC") in an effort to remedy the mistreatment.  The Defendants persisted in their negative conduct.

8.    Also, as a group, the East African role-players filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") alleging violations of protected concerted activity under the National Labor Relations Act, 29 U.S.C. §§ 151 – 169, as amended ("NLRA").    Still, the Defendants continued their adverse actions and omissions.

CLASS ACTION COMPLAINT
Case No. _____

9.     Now, the East Africa role-player are pursuing this class action complaint in an effort to – finally – obtain relief from the Defendants' harmful treatment.

10.     The classes to this complaint consist of (a) female and male refugees from Somalia, Ethiopia, the Democratic Republic of the Congo, and Burundi (collectively, "East African" or "East African Countries"), all of whom are Muslim or Christian and who work or worked as role-players for the Defendants at any time between January 01, 2010 and the date of judgment in this action (the "East African Class"); (b) female East African refugees who work or worked as role-players for the Defendants at any time between January 01, 2010 and the date of judgment in this action (the "Female Class"); and (c) Muslim East African refugees who work or worked as role-players for the Defendants at any time between January 01, 2010 and the date of judgment in this action (the "Muslim Class").

11.     Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow allege on behalf of themselves and the East African Class that the Defendants engaged in a continuing policy and practice of discrimination and harassment based on race, color, and national origin by means of subjective and arbitrary decision-making against members of the East African Class by denying them terms and conditions of

CLASS ACTION COMPLAINT
Case No. _____

SPENCER IOHNSON MCCAMMON LLP

employment that were as favorable as those provided to non-East African Class members.  These less favorable terms and conditions include subjecting members of the East African Class to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their race, color, national origin, language, culture, and traditions while not subjecting similarly situated non-East African Class members to such treatment; requiring members of the East African Class to perform janitorial duties not within their job description but not requiring similarly situated non-East African Class members to perform these duties; requiring members of the East African Class to perform work for the benefit of the Defendants without compensation but not requiring similarly situated non-East African Class members to perform such work; and failing to provide members of the East African Class with promotional opportunities, rest and meal breaks, drinking water, food and snacks, and transportation to the same extent and in as favorable a manner as provided to similarly situated non-East African Class members.  Additionally, the Defendants retaliated against these Representative Plaintiffs and the East African Class for complaining about the adverse treatment to which they were subjected.

12.    Representative Plaintiffs Madende, Musa, and Somow allege on behalf of themselves and the Female Class that the Defendants engaged in

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a continuing policy and practice of discrimination and harassment based on gender/sex by means of subjective and arbitrary decision-making against members of the Female Class by denying them terms and conditions of employment that are as favorable as those provided to non-Female Class members. These less favorable terms and conditions include subjecting members of the Female Class to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their gender/sex while not subjecting similarly situated non-Female Class members to such treatment; refusing to allow members of the Female Class to wear traditional clothing but allowing non-Female Class members to wear traditional clothing; requiring members of the Female Class to perform stereotypically female cleaning and housekeeping duties not within their job description but not requiring similarly situated non-Female Class members to perform such duties; requiring members of the Female Class to perform these stereotypically female cleaning and housekeeping duties without compensation but not requiring similarly situated non-Female Class members to perform such work without compensation; and failing to provide members of the Female Class with promotional opportunities to the same extent and in as favorable a manner as provided to similarly situated non-Female Class members. Additionally, the Defendants retaliated against these

CLASS ACTION COMPLAINT
Case No. _____

Representative Plaintiffs and the Female Class for complaining about the adverse treatment to which they were subjected.

13.   Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow allege on behalf of themselves and the Muslim Class that the Defendants failed to provide religious accommodation to Muslim East African role-players as required by law, and engaged in a continuing policy and practice of discrimination and harassment based on religion (Muslim) by means of subjective and arbitrary decision-making against members of the Muslim Class by denying them terms and conditions of employment that are as favorable as those provided to non-Muslim Class members.  These less favorable terms and conditions include subjecting members of the Muslim Class to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their religion and religious practices while not subjecting similarly situated non-Muslim Class members to such treatment; and failing to provide religious accommodation to members of the Muslim Class but allowing such accommodation to non-Muslim Class members.  Additionally, the Defendants retaliated against these Representative Plaintiffs and the Muslim Class for complaining about the adverse treatment to which they were subjected.

14.   This action seeks an end to these discriminatory and

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

harassing policies and practices, and seeks declaratory and injunctive relief including rightful place relief, back pay, front pay, and compensatory and punitive damages for the Representative Plaintiffs and members of the East African Class, the Female Class, and the Muslim Class.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action under 28 U.S.C. §1331 conferring original jurisdiction upon this Court for actions arising under the laws of the United States; Public Health and Welfare, 42 U.S.C. 1981; and the Civil Rights Act of 1964, Title VII 42 U.S.C. §§2000e *et seq.*, as amended ("Title VII").

16.    Venue is proper in this district per 28 U.S.C. §1391 and 42 U.S.C. §2000e5(f).  The Defendants maintain offices, conduct business, and reside in this district, and a substantial portion of the acts alleged in this complaint occurred in California and within this judicial district.

17.    Intradistrict assignment is proper in the Southern District, San Diego because a substantial part of the events and omissions that gave rise to these claims occurred in San Diego County.

## PARTIES

18.    Plaintiff Abikar is a male, Muslim, East African from Somalia who resides in San Diego County.  He began working for the Defendants as a

CLASS ACTION COMPLAINT
Case No. _____

role-player in or after 2010.

19.     Plaintiff Awmagan is a male, Muslim, East African from Somalia who resides in San Diego County.  He began working for the Defendants as a role-player in or after 2010.

20.     Plaintiff Deh is a male, Muslim, East African from Somalia who resides in San Diego County.  He began working for the Defendants as a role-player in or after 2010.

21.     Plaintiff Madende is a female, Muslim, East African from Somalia who resides in San Diego County.  She began working for the Defendants as a role-player on or about October, 2010.

22.     Plaintiff Mohamed is a male, Muslim, East African from Somalia who resides in San Diego County.  He began working for the Defendants as a role-player in or after 2010.

23.     Plaintiff Muganga is a male, Muslim, East African from Somalia who resides in San Diego County.  He began working for the Defendants as a role-player in or after 2010.

24.     Plaintiff Musa is a female, Muslim, East African from Somalia who resides in San Diego County.  She began working for the Defendants as a role-player in or after 2010.

25.     Plaintiff Somow is a female, Muslim, East African from

CLASS ACTION COMPLAINT
Case No. _____

Somalia who resides in San Diego County. She began working for the Defendants as a role-player on or about October, 2010.

26. Defendant Bristol Bay is an Alaskan Native Corporation based in Anchorage, Alaska. It is the parent company of GTS and Workforce Resources. It operates as a joint employer with GTS and Workforce Resources with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, and more.

27. Defendant GTS is a wholly owned subsidiary of Bristol Bay and maintains an office in Oceanside, California. It operates as a joint employer with Bristol Bay and Workforce Resources with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, and more.

28. Defendant Workforce Resources is a wholly owned subsidiary of Bristol Bay and maintains an office in Oceanside, California. It operates as a joint employer with Bristol Bay and GTS with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, and more.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT
Case No. _____

## DEFENDANTS' DISCRIMINATORY PRACTICES AND POLICIES

### A.    East African Class

29.    The alleged events, omissions, denials, and abridgements of employment opportunities suffered by the Representative Plaintiffs of the East African Class were and are part of a general policy or practice of discrimination on the bases of race, color, and national origin in employment that existed at the Defendants' worksites throughout the relevant time.  These are not isolated instances of employment practices or individual decisions. Instead, these denials and abridgements are representative of the Defendants' systematic discrimination against East African employees working as role-players, and in favor of non-East African employees working as role-players.

30.    These same events, omissions, denials, and abridgements of employment opportunities resulted from an intentional policy and practice of employment discrimination on the bases of race, color, and national origin.

31.    The Defendants have pursued policies or practices on a continuing basis that have denied or restricted equal employment and job opportunities for East African role-players.

### B.    Female Class

32.    The alleged events, omissions, denials, and abridgements of employment opportunities suffered by the Representative Plaintiffs of the

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

Female Class are part of a general policy or practice of discrimination on the basis of gender/sex in employment that existed at the Defendants' worksites throughout the relevant time.  These are not isolated instances of employment practices or individual decisions. Instead, these denials and abridgements are representative of the Defendants' systematic discrimination against female East African employees working as role-players, and in favor of non-female East African employees working as role-players.

33.    These same events, omissions, denials, and abridgements of employment opportunities results from an intentional policy and practice of employment discrimination on the basis of gender/sex.

34.    The Defendants have pursued policies or practices on a continuing basis that have denied or restricted equal employment and job opportunities for female East African role-players.

**C.    Muslim Class**

35.    The alleged events, omissions, denials, and abridgements of employment opportunities suffered by the Representative Plaintiffs of the Muslim Class are part of a general policy or practice of failure to provide religious accommodation and of discrimination on the basis of religion in employment that existed at the Defendants' worksites throughout the relevant time.  These are not isolated instances of employment practices or individual

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

decisions. Instead, these denials and abridgements are representative of the Defendants' systematic discrimination against Muslim East African employees working as role-players, and in favor of non-Muslim East African employees working as role-players.

36.     These same events, omissions, denials, and abridgements of employment opportunities results from an intentional policy and practice of failure to provide religious accommodation and of employment discrimination on the basis of religion.

37.     The Defendants have pursued policies or practices on a continuing bases that have denied or restricted equal employment and job opportunities for Muslim East African role-players.

## CLASS ALLEGATIONS

38.     The Representative Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of (1) an East African Class of all employees who are from any of the East African Countries named above and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action; (2) a Female Class of all employees who are from any of the East African Countries named above, are female, and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action; and (3) an East

CLASS ACTION COMPLAINT
Case No. _____

African Class of all employees who are from one of the East African Countries named above, are Muslim, and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action.

## A.    East African Class

39.    Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow are members of and seek to represent the East African Class.

40.    The claims of these Plaintiffs are typical of the claims of the East African Class.

41.    The Plaintiffs will fairly and adequately represent the East African Class.

42.    The members of the East African Class are so numerous that joinder of all members is impracticable.  Although the precise number of East African employees affected by the Defendants' discriminatory practices or policies is currently unknown, it is far greater than can be feasibly addressed through joinder.  The precise number is ascertainable from the Defendants' records.

43.    There are many questions of law and fact common to the East African Class, and these questions predominate over any questions affecting only individual members.  Common questions of law or fact include whether

CLASS ACTION COMPLAINT
Case No. _____

SPENCER IOHNSON MCCAMMON LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(1) the Defendants are joint employers; (2) Defendants' policies or practices disparately deny East African Class members terms and conditions of employment that are as favorable as those provided to non-East African Class members, including subjecting East African Class members to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their race, color, national origin, language, culture, and traditions; (3) East African role-players were required to perform janitorial duties not within their job description; (4) non-East African role-players were required to perform janitorial duties not within their job description; (5) East African role-players were required to perform janitorial work for the benefit of the Defendants without compensation; (6) non-East African Class members were required to perform janitorial work for the benefit of the Defendants without compensation; (7) East African role-players were provided promotional opportunities, rest and meal breaks, drinking water, food and snacks, and transportation to the same extent and in as favorable a manner as provided to similarly situated non-East African role-players; (8) any disparate treatment was intentional; (9) any disparate treatment was justified by business necessity; (10) the Defendants engaged in a practice or pattern of disparate treatment adverse to East African role-players; (11) the disparate treatment constituted a violation of Title VII; (12) the disparate treatment constituted a

CLASS ACTION COMPLAINT
Case No. _____

violation of 42 U.S.C. §1981; (13) the Defendants retaliated against the East African role-players for protesting adverse treatment; and (14) injunctive relief and other equitable remedies (including back pay and front pay) and compensatory and punitive damages are warranted for the East African Class.

44.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Defendants acted and/or refused to act on grounds generally applicable to the East African Class, thus making declaratory and injunctive relief appropriate for Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the East African Class as a whole. The members of the East African Class are entitled to injunctive relief to end the Defendants' common, uniform, and unfair policies and practices that discriminate against East African role-players due to their race, color, and national origin.

45.     Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the East African Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46.     Further, the East African Class has previously acted as a unified group or class by filing dozens of EEOC charges together seeking

CLASS ACTION COMPLAINT
Case No. _____

SPENCER IOHNSON MCCAMMON LLP

relief for the group or class as a whole, and by filing unfair labor practice charges with the NLRB alleging violations of the NLRA seeking relief as a group or class as a whole.

47.    Moreover, class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because managing individual suits for each of the members of the East African Class would burden the Court given the particular characteristics of the East African Class as noted in Paragraph 4 to this complaint; specifically, that few of the class members speak English, even fewer read English, the class members have a high level of illiteracy, and the class members speak approximately ten different African languages and dialects for which professional, court-certified interpreters are difficult if not impossible to locate anywhere in the United States.

48.    The members of the East African Class have been damaged and are entitled to recovery as a result of the Defendants' common, uniform, and unfair discriminatory personnel policies and practices.  The Defendants have computerized payroll and personnel data that will make calculation of damages for specific members of the East African Class relatively simple.

**B.    Female Class**

49.    Plaintiffs Madende, Musa, and Somow are members of and seek to represent the Female Class.

CLASS ACTION COMPLAINT
Case No. _____

50.    The claims of these Plaintiffs are typical of the claims of the Female Class.

51.    The Plaintiffs will fairly and adequately represent the Female Class.

52.    The members of the Female Class are so numerous that joinder of all members is impracticable.  Although the precise number of female employees affected by the Defendants' discriminatory practices or policies is currently unknown, it is far greater than can be feasibly addressed through joinder.  The precise number is ascertainable from the Defendants' records.

53.    There are many questions of law and fact common to the Female Class, and these questions predominate over any questions affecting only individual members.  Common questions of law or fact include whether (1) the Defendants are joint employers; (2) Defendants' policies or practices disparately deny Female Class members terms and conditions of employment that are as favorable as those provided to non-Female Class members, including subjecting Female Class Members to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their gender/sex; (3) the Defendants refused to allow Female Class members to wear traditional clothing; (4) the Defendants allowed non-Female Class

CLASS ACTION COMPLAINT
Case No. _____

members to wear traditional clothing; (5) the Defendants required Female Class members to perform stereotypically female cleaning and housekeeping duties not within their job description; (6) the Defendants did not require non-Female Class members to perform stereotypically female cleaning and housekeeping duties not within their job description; (7) the Defendants required Female Class members to perform these stereotypically female duties without compensation; (8) the Defendants required non-Female Class members to perform stereotypically female duties without compensation; (9) Female Class members were provided promotional opportunities to the same extent and in as favorable a manner as provided to similarly situated non-Female Class members; (10) any disparate treatment was intentional; (11) any disparate treatment was justified by business necessity; (12) the Defendants engaged in a practice or pattern of disparate treatment adverse to Female Class members; (13) the disparate treatment constituted a violation of Title VII; (14) the Defendants retaliated against the Female Class members for protesting adverse treatment; and (15) injunctive relief and other equitable remedies (including back pay and front pay) and compensatory and punitive damages are warranted for the Female Class.

54.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Defendants have acted and/or refused to

CLASS ACTION COMPLAINT
Case No. _____

act on grounds generally applicable to the Female Class, thus making declaratory and injunctive relief appropriate with respect to Plaintiffs Madende, Musa, and Somow and the Female Class as a whole. The members of the Female Class are entitled to injunctive relief to end the Defendants' common, uniform, and unfair policies and practices that discriminate against female East African role-players due to their gender/sex.

55. Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Female Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Further, the Female Class has previously acted as a unified group or class by filing dozens of EEOC charges together seeking relief for the group or class as a whole, and by filing unfair labor practice charges with the NLRB alleging violations of the NLRA seeking relief as a group or class as a whole.

57. Moreover, class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because managing individual suits for each of the members of the Female Class would burden the Court given the particular characteristics of the Female Class, which are the same as those

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

Spencer Johnson McCammon llp

noted in Paragraph 4 to this complaint; specifically, that few of the class members speak English, even fewer read English, the class members have a high level of illiteracy, and the class members speak approximately ten different African languages and dialects for which professional, court-certified interpreters are difficult if not impossible to locate anywhere in the United States.

58.    The members of the Female East African Class have been damaged and are entitled to recovery as a result of the Defendants' common, uniform, and unfair discriminatory personnel policies and practices.    The Defendants have computerized payroll and personnel data that will make calculation of damages for specific members of the East African Class relatively simple.

### C.    Muslim Class

59.    Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow are members of and seek to represent the Muslim Class.

60.    The claims of the Plaintiffs are typical of the claims of the Muslim Class.

61.    The Plaintiffs will fairly and adequately represent the Muslim Class.

CLASS ACTION COMPLAINT
Case No. _____

62.    The members of the Muslim Class are so numerous that joinder of all members is impracticable.  Although the precise number of Muslim employees affected by the Defendants' discriminatory practices or policies is currently unknown, it is far greater than can be feasibly addressed through joinder.  The precise number is ascertainable from the Defendants' records.

63.    There are many questions of law and fact common to the Muslim Class, and these questions predominate over any questions affecting only individual members.  Common questions of law or fact include whether (1) the Defendants are joint employers; (2) Defendants failed to provide religious accommodation to Muslim Class members as required by law; (3) Defendants' policies or practices disparately denied Muslim Class members terms and conditions of employment that are as favorable as those provided to non-Muslim Class members, including subjecting Muslim Class members to daily or near-daily insults, ridicule, scorn, mockery, and other disparagements directed toward their religion and religious practices; (4) Muslim Class members were provided promotional opportunities to the same extent and in as favorable a manner as provided to similarly situated non-Muslim Class members; (10) any disparate treatment was intentional; (11) any disparate treatment was justified by business necessity; (12) the Defendants

SPENCER IOHNSON MCCAMMON LLP

23

CLASS ACTION COMPLAINT
Case No. _____

SPENCER IOHNSON MCCAMMON LLP

engaged in a practice or pattern of disparate treatment adverse to Muslim Class members; (13) the disparate treatment constituted a violation of Title VII; (14) the Defendants retaliated against the Muslim Class members for protesting adverse treatment; and (15) injunctive relief and other equitable remedies (including back pay and front pay) and compensatory and punitive damages are warranted for the Muslim Class.

64.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Defendants have acted and/or refused to act on grounds generally applicable to the Muslim Class, thus making declaratory and injunctive relief appropriate with respect to Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the Muslim Class as a whole.  The members of the Muslim Class are entitled to injunctive relief to end the Defendants' common, uniform, and unfair policies and practices that discriminate against Muslim East African role-players due to their religion and religious practices.

65.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Muslim Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

CLASS ACTION COMPLAINT
Case No. _____

66.    Further, the Muslim Class has previously acted as a unified group or class by filing dozens of EEOC charges together seeking relief for the group or class as a whole, and by filing unfair labor practice charges with the NLRB alleging violations of the NLRA seeking relief as a group or class as a whole.

67.    Moreover, class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because managing individual suits for each of the members of the Muslim Class would burden the Court given the particular characteristics of the Muslim Class, which are the same as those noted in Paragraph 4 to this complaint; specifically, that few of the class members speak English, even fewer read English, the class members have a high level of illiteracy, and the class members speak approximately ten different African languages and dialects for which professional, court-certified interpreters are difficult if not impossible to locate anywhere in the United States.

68.    The members of the Muslim Class have been damaged and are entitled to recovery as a result of the Defendants' common, uniform, and unfair discriminatory personnel policies and practices.  The Defendants have computerized payroll and personnel data that will make calculation of damages for specific members of the Muslim Class relatively simple.

CLASS ACTION COMPLAINT
Case No. _____

**SPENCER IOHNSON MCCAMMON LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM FOR RELIEF

### Race Discrimination and Harassment
### 42 U.S.C. §2000e *et. seq.*

69.    Plaintiffs incorporate all paragraphs above.

70.    This claim is brought on behalf of Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the East African Class.

71.    The class period for the East African Class is January 01, 2010 through to the date of judgment.

72.    Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow timely filed charges of discrimination with the EEOC, received right-to-sue letters, and timely file this action.

73.    The practices and policies alleged above constitute illegal race discrimination and harassment prohibited by Title VII.

74.    Plaintiffs seeks the relief requested below.

## SECOND CLAIM FOR RELIEF

### Color Discrimination and Harassment
### 42 U.S.C. §2000e *et. seq.*

75.    Plaintiffs incorporate all paragraphs above.

76.    This claim is brought on behalf of Representative Plaintiffs

CLASS ACTION COMPLAINT
Case No. _____

Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the East African Class.

77.    The class period for the East African Class is January 01, 2010 through to the date of judgment.

78.    Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow timely filed charges of discrimination with the EEOC, received right-to-sue letters, and timely file this action.

79.    The practices and policies alleged above constitute illegal color discrimination and harassment prohibited by Title VII.

80.    Plaintiffs seeks the relief requested below.

### THIRD CLAIM FOR RELIEF

**National Origin Discrimination and Harassment**
**42 U.S.C. §2000e *et. seq*.**

81.    Plaintiffs incorporate all paragraphs above.

82.    This claim is brought on behalf of Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the East African Class.

83.    The class period for the East African Class is January 01, 2010 through to the date of judgment.

SPENCER IOHNSON MCCAMMON LLP

84.    Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow timely filed charges of discrimination with the EEOC, received right-to-sue letters, and timely file this action.

85.    The practices and policies alleged above constitute illegal national origin discrimination and harassment prohibited by Title VII.

86.    Plaintiffs seeks the relief requested below.

## **FOURTH CLAIM FOR RELIEF**

### **42 U.S.C. §1981**

87.    Plaintiffs incorporate all paragraphs above.

88.    This claim is brought on behalf of Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow and the East African Class.

89.    The class period for the East African Class is January 01, 2010 through to the date of judgment.

90.    The practices and policies alleged above constitute  illegal race discrimination with respect to the making, performance, and termination of contracts prohibited by 42 U.S.C. §1981.

91.    Plaintiffs seeks the relief requested below.

/ / /

/ / /

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

## FIFTH CLAIM FOR RELIEF

### Gender/Sex Discrimination and Harassment
### 42 U.S.C. §2000e *et. seq.*

92.   Plaintiffs incorporate all paragraphs above.

93.   This claim is brought on behalf of Representative Plaintiffs Madende, Musa, and Somow and the Female Class.

94.   The class period for the Female Class is January 01, 2010 through to the date of judgment.

95.   Madende, Musa, and Somow timely filed charges of discrimination with the EEOC, received right-to-sue letters, and timely file this action.

96.   The practices and policies alleged above constitute illegal gender/sex discrimination and harassment prohibited by Title VII.

97.   Plaintiffs seeks the relief requested below.

## SIXTH CLAIM FOR RELIEF

### Failure to Provide Religious Accommodation;
### Religious Discrimination and Harassment
### 42 U.S.C. §2000e *et. seq.*

98.   Plaintiffs incorporate all paragraphs above.

99.   This claim is brought on behalf of Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow

CLASS ACTION COMPLAINT
Case No. _____

SPENCER IOHNSON MCCAMMON LLP

and the Muslim Class.

100.    The class period for the Muslim Class is January 01, 2010 through to the date of judgment.

101.    Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow timely filed charges of discrimination with the EEOC, received right-to-sue letters, and timely file this action.

102.    The practices and policies alleged above constitute illegal failure to provide religious accommodation prohibited by Title VII.

103.    The practices and policies alleged above constitute illegal religious discrimination and harassment prohibited by Title VII.

104.    Plaintiffs seeks the relief requested below.

## RELIEF ALLEGATIONS

105.    Representative Plaintiffs and the classes they represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged in this complaint.   The injunctive relieve sought in this action is the only means of securing complete and adequate relief.   Representative Plaintiffs and the classes they represent are not suffering and will continue to suffer irreparable injury from the Defendants' discriminatory acts and omissions.

106.    The Defendants' actions have caused and continue to cause the Representative Plaintiffs and the classes substantial losses in earnings,

CLASS ACTION COMPLAINT
Case No. _____

other compensation, desirable job assignments, promotions, and other employment benefits, in an amount to be determined according to proof.

107.  The Defendants' actions have caused and continue to cause the Representative Plaintiffs and the classes to suffer misery, humiliation, embarrassment, loss of enjoyment of life, and emotional distress.

108.  The Defendants' acted or failed to act as alleged in this complaint with malice or reckless indifference to the protected rights of the Representative Plaintiffs and members of the classes, entitling the Representative Plaintiffs and members of the classes to recover exemplary and punitive damages in an amount to be determined according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the classes pray for relief as follows:

109.  Certification of the case as a class action on behalf of the proposed classes;

110.  Designation of Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow as representatives of the East African Class;

111.  Designation of Plaintiffs Madende, Musa, and Somow as representatives of the Female Class;

112.  Designation of Plaintiffs Abikar, Awmagan, Deh, Madende,

CLASS ACTION COMPLAINT
Case No. _____

SPENCER JOHNSON MCCAMMON LLP

Mohamed, Muganga, Musa, and Somow as representatives of the Muslim Class;

113.   Designation of counsel of record as class counsel for all classes;

114.   A declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII and 29 U.S.C. §1981;

115.   A preliminary and permanent injunctions against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them engaging in each of the unlawful policies, practices, customs, and usages set forth in this complaint;

116.   An order that the Defendants institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees, specifically including East Africans, women, and Muslims;

117.   An order that the Defendants eradicate the effects of their past and present unlawful employment practices, including by any providing promotions, wages, job opportunities, and other benefits of employment denied due to the discrimination;

118.   Back pay, including interest and benefits, for Plaintiffs and class members;

119.   Exemplary and punitive damages in an amount commensurate with the Defendants' ability to pay and to deter future illegal

CLASS ACTION COMPLAINT
Case No. _____

conduct;

120.   Costs incurred related to this action, including reasonable attorney's fees to the extent allowable by law;

121.   Pre-judgment and post-judgment interest as provided by law;

122.   Such other and further legal and equitable remedies as this Court deems necessary, just, and proper.

Dated:  May 18, 2017          Respectfully submitted,

SPENCER JOHNSON MCCAMMON LLP

By:   /s/ Marilynn Mika Spencer
        Marilynn Mika Spencer
        Attorneys for Plaintiffs and Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated:  May 18, 2017          Respectfully submitted,

SPENCER JOHNSON MCCAMMON LLP

By:   /s/ Marilynn Mika Spencer
        Marilynn Mika Spencer
        Attorneys for Plaintiffs and Proposed Class

SPENCER JOHNSON MCCAMMON LLP

33

CLASS ACTION COMPLAINT
Case No. _____