UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ABUCAR NUNOW ABIKAR, et al., | Case No.: 3:17-cv-01036-GPC-AGS |
|---|---|
| Plaintiffs, | **ORDER:** |
| v. | **(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION REGARDING PLAINTIFFS' FILINGS [ECF No. 51]; and** |
| BRISTOL BAY NATIVE CORPORATION, et al., | |
| Defendants. | **(2) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN UNTIMELY MOTION FOR CLASS CERTIFICATION [ECF No. 53]** |

## I.    Background

According to the current scheduling order set by Magistrate Judge Schopler in this case, Plaintiffs' deadline to file a motion for class certification was July 27, 2018. (ECF No. 33 at 2.) That day, Plaintiffs' counsel Attorney Marilynn Mika Spencer filed a defective motion. (ECF Nos. 49, 50.) The motion is not complete. In at least one page, one finds counsel's notes to herself. (*See* ECF No. 49 at 8.) Supposedly attached to the motion is a "compendium of evidence" containing declarations of 48 individuals; instead, one finds only a list of those individuals' names. (*See* ECF Nos. 49-1, 50.) On July 30, 2018, Attorney Spencer called this Court's chambers and asserted that her defective filing was the result of her using the wrong web browser. Plaintiff has now filed a motion for

leave to file an untimely motion (ECF No. 53), and has also filed a corrected version of the motion for class certification (ECF No. 55).

In the motion for leave to file the corrected class certification motion, Attorney Spencer offers an explanation for her defective filings. She asserts that between 11:15 p.m. and 11:30 p.m. on July 27, she began to upload the motion and its exhibits, but she received an error message. (ECF No. 53-2 at 3–4.) After trying a different browser, Attorney Spencer had no better luck. (*Id.* at 4.) Seeing that the deadline was approaching, she "decided to upload what she could, then try to upload the Compendium separately or in parts." (*Id.*) In doing so, she uploaded "incorrect documents: a draft of the notice attached to a draft of the memorandum, and the table of contents for the compendium." (*Id.*) According to Attorney Spencer, she did not realize that her filings were defective until July 30, when she called the Court's CM/ECF help desk. (*Id.* at 4–5.)

This is not the first time Attorney Spencer has "mistakenly" filed a draft filing near a deadline set by this Court. After Defendants filed a motion to dismiss and strike Plaintiffs' complaint (ECF No. 7), the Court set a response deadline of November 24, 2017 (ECF No. 8). On the afternoon of November 22, Attorney Spencer called this Court's chambers suggesting that she might file a motion to extend Plaintiffs' response deadline. No such motion was filed. Rather, at 11:54 p.m. on November 24, Attorney Spencer filed a document purported to be a response to Defendants' motion. (ECF No. 10.) The document Attorney Spencer filed, however, was an incomplete draft. The following Monday, Attorney Spencer filed a completed version of the opposition. (ECF Nos. 11–13.) Three days later, she filed a motion for leave to file her untimely corrected response. (ECF No. 15.) In that motion, Attorney Spencer claimed that on the evening of November 24 she had trouble uploading her response because she was unable to find the hyperlink responsible for uploading documents. Shortly before midnight, the previously hidden link returned on her browser, permitting her to upload a document. (ECF No. 15-2 ¶ 12.) In a hurry to file her response timely, however, Attorney Spencer

claimed she accidentally filed a "much earlier draft." (*Id.*) When she realized this mistake a few minutes later, the link to upload a document was, according to Attorney Spencer, nowhere to be found. (*Id.*) The Court granted the motion for leave to file her untimely filing. (ECF No. 16.)

Another similar incident occurred in May 2018. After several hiccups in the case management conference process—resulting at least in part from what appears to be Plaintiffs' failure to make initial disclosures (*see* ECF No. 33 at 1 (noting Plaintiffs had not yet made initial disclosures))—Judge Schopler issued a scheduling order setting the deadline for any motion to amend Plaintiffs' complaint at May 18, 2018. (*Id.*) At midnight on the evening of May 18, Attorney Spencer filed a motion to amend the complaint. (ECF No. 34.) She filed her proposed Second Amended Complaint in the early morning of May 19. (ECF No. 35.) Contrary to this Court's rules, Attorney Spencer failed to (1) obtain a hearing date on this motion, and (2) file a redline version of the proposed Second Amended Complaint demonstrating the differences between the operative complaint and the proposed version. On May 22, Attorney Spencer refiled her motion after obtaining a hearing date. (ECF No. 37.) She did not file the redlined version of the Second Amended Complaint until July 7. (ECF No. 44.) In denying Plaintiffs' motion without prejudice, the Court acknowledged Attorney Spencer's "pattern of conduct" relating to her failing to meet Court-ordered deadlines, and it warned that the Court "is unlikely to grant a last-minute (or untimely) request to extend the deadline for filing any further motion to amend the complaint." (ECF No. 45 at 9.)

Attorney Spencer has also exceeded basic procedural deadlines. She filed the original complaint in this case on May 18, 2017. (ECF No. 1.) A summons was issued to Plaintiffs the next day. (ECF No. 2.) Nonetheless, Attorney Spencer failed to serve Defendants for four months, well beyond the deadline set by Federal Rule of Civil Procedure 4(m). On September 21, the Court issued an order to show cause why it should not dismiss the case. (ECF No. 3.) It was not until October 4, 2017, that Attorney Spencer began the process of litigating this case. (ECF No. 4.)

According to Defendants, Plaintiffs have also engaged in improper discovery conduct. Despite the parties' holding their Rule 26(f) conference on February 9, 2018, Plaintiffs did not serve Defendants with written discovery requests until June 26, when Plaintiffs issued 73 requests for production. (ECF No. 51-1 at 10.) This was in violation of Judge Schopler's document request limit, which was 50. (ECF No. 33 at 3.) Plaintiffs amended their request to conform to that limitation on June 27.[1] (ECF No. 51-1 at 10.)

## II. Discussion

As a result of these issues, Defendants have filed a motion seeking several forms of relief. (ECF No. 51.) First, they ask that the Court reject Plaintiffs' corrected motion for class certification because it is untimely. Second, they ask that the Court either reject the timely filed draft version of the motion or consider it only as filed. Third, Defendants ask the Court to continue the hearing date on the motion for class certification, hold a scheduling conference to establish a new briefing schedule, and expand the 20-depositions limitation set by Judge Schopler.

With respect to the first two requests, the Court finds it inappropriate to prevent Plaintiffs from offering a fully developed motion for class certification. The few-days delay in receiving Plaintiffs' corrected motion for class certification has not prejudiced Defendants, particularly if the Court agrees to extend the briefing and hearing schedule on the motion (which, as discussed below, the Court finds appropriate). While the Court understands Defendants' frustration with the issued described above, Defendants have not identified how those issues have impacted their ability to defend this case.

It should be noted, however, that Attorney Spencer's conduct in this litigation has reached the point of unprofessional. The Court understands that computer issues occur. But after experiencing her first computer issue, Attorney Spencer should have been

---

[1] Defendants also note that Plaintiffs did not notice any depositions of Defendants' witnesses prior to filing the motion for class certification. (*Id.* at 11.) The Court does not view this as improper. Plaintiffs were under no obligation to depose Defendants' witnesses before filing their motion for class certification.

prepared to file future documents with time to spare in case she experienced the same problem. Moreover, the fact that Attorney Spencer claims to have mistakenly filed a draft while experiencing computer issues for a second time in this case makes her excuses less believable. While Attorney Spencer's issues with deadlines have inconvenienced the Court and Defendants, it is ultimately her clients who have been harmed the most. Each time she misses a deadline or mistakenly files the wrong document, her clients' entitlement to speedy resolution of their legal claims are harmed. Ultimately, however, preventing Plaintiffs from presenting their fully developed motion for class certification would amount to punishing Plaintiffs for no purpose other than disciplining their attorney. It should nonetheless be noted that Attorney Spencer's conduct in this case will be highly relevant to the Court's selection of class counsel should the Court reach that issue. *See* Fed. R. Civ. P. 23(g)(1)(B) ("Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing counsel, the court . . . may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.").

In light of the Court's decision to consider the corrected motion for class certification filed at ECF No. 55, it must address Defendants' request that the briefing schedule and hearing date be extended. Defendants ask that the Court continue the hearing on this motion to permit them to determine whether they need to engage in discovery to respond to the class certification motion. The Court finds this appropriate. Defendants shall file a response to the motion for class certification no later than **October 5, 2018**. Any reply shall be filed by **October 12, 2018**. A hearing on the motion will be held on **October 26, 2018**.

Last, Defendants ask the Court to expand the deposition limitation set by Judge Schopler from 20 to 40. Defendants offer no explanation as to why this expansion is appropriate, other than it would "permit Defendants their due process rights to cross examine Plaintiffs' declarants." (ECF No. 51-1 at 15.) Judge Schopler was aware of the circumstances of this case at the time he set the deposition limit. The Court sees no

reason to reconsider that limitation in light of the pending motion.

### III.   Conclusion

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendants' motion relating to Plaintiffs' filings (ECF No. 51), and GRANTS Plaintiffs' motion for leave to file an untimely motion for class certification (ECF No. 53).  The filings at ECF Nos. 49 and 50 shall be stricken from the docket.

**IT IS SO ORDERED.**

Dated:  August 6, 2018

Hon. Gonzalo P. Curiel
United States District Judge